IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 13-cr-00140-CMA-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RONALD ROY HOODENPYLE, and
2.    **PAUL ERNEST SELLORS,**

    Defendants.

## ORDER DENYING MOTIONS

This matter is before the Court on the following motions filed by Defendant Paul Ernest Sellors: "Demand to Dismiss" (Doc. # 44); "Motion for Change of Venue" (Doc. # 45); "Order to Vacate Dismissal" (Doc. # 55); "Motion for Removal of GPS Tracking Device" (Doc. # 56); and "Motion for Hearing on Motions" (Doc. # 57). None of these motions have merit. Defendant's "Demand to Dismiss" is largely incomprehensible,[1] and it fails to cite legal authority entitling Defendant to relief. Defendant's "Order to Vacate Dismissal" suffers from the same infirmities.[2] The Court interprets Defendant's "Order to Vacate Dismissal" as a motion to reconsider the Court's Order at Doc. # 41, in which the Court denied Defendant's "Motion to Quash" (Doc. # 37). However,

---

[1] For instance, Defendant asserts "that this matter be dismissed due to Federal District 8 not ceding jurisdiction and the injured claimant not ceding jurisdiction." (Doc. # 44 at 1.)

[2] For example, Defendant argues that the Court lacks jurisdiction over him because he is "a subject of the Foreign State of God." (Doc. # 45 at 1.)

Defendant does not satisfy, let alone cite, the standard for a motion to reconsider. *See, e.g.*, *Shepherd v. Liberty Acquisitions, LLC*, No. 11-cv-00718, 2013 WL 1117046, at *1 (D. Colo. Mar. 15, 2013). Further, the Court rejects Defendant's request to have his GPS monitor removed. Defendant failed to show up for his initial appearance on May 1, 2013. (*See* Doc. # 17.) When Defendant was eventually apprehended, he was fortunate that the magistrate judge did not remand him into custody but, instead, allowed him to remain free on bond, subject to being electronically monitored. The Court finds that such monitoring is necessary to reasonably assure Defendant's future appearance. Finally, because the above-mentioned motions are without merit, the Court need not hold a hearing on them.

Accordingly, it is ORDERED that Defendant's "Demand to Dismiss" (Doc. # 44), "Motion for Change of Venue" (Doc. # 45), "Order to Vacate Dismissal" (Doc. # 55), "Motion for Removal of GPS Tracking Device" (Doc. # 56), and "Motion for Hearing on Motions" (Doc. # 57) are DENIED.

DATED: July __17__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge